## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **WADE WESLEY BLACKWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21CV46 HEA** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Wade Wesley Blackwell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. The United States of America has responded to the Motion pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion will be denied.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

### Procedural Background

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, on January 11, 2021.

On June 27, 2019, a federal grand jury charged Petitioner with one count of possessing an unregistered shotgun with an illegal overall length less than twenty-six inches in violation of 26 U.S.C. §§ 5845 and 5861(d). On June 10, 2020, Petitioner pleaded guilty to the single count. Petitioner was sentenced to a term of imprisonment of 33 months followed by a two-year term of supervised release. On January 10, 2023, the Court granted Petitioner's Motion for Early Termination of Supervised Release.

Pursuant to the Agreement, Petitioner also agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s)."   Petitioner also agreed to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 USC, § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

During the change of plea hearing, Petitioner, who was under oath, confirmed that he was satisfied with the representation he received from his attorney, understood the consequences of pleading guilty, and had reviewed and understood the terms of the Agreement. Petitioner admitted that he was guilty of each of the elements for the crimes to which he was pleading guilty, and the

Statement of Facts as set forth in the Agreement.

Petitioner did not appeal his conviction or sentence.

## Legal Standards

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his

3

counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test

requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

5

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined

based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Claims for Relief

### Ground One Actual Innocence

Petitioner argues that he is actually innocent of the crime for which he was convicted because the "Gun Barrel was over 18," which made it legal." While Petitioner is correct that the gun barrel of his firearm was over 18" in length and, therefore, the barrel length was not unlawful, he fails to recognize that there are two relevant measurements to this crime. 26 U.S.C. § 5861(d) provides that it shall be unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." Section 5845(a)(2) states that the term "firearm" means "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a)(2).

The use of the word "or" in the statute means that a firearm is of illegal lengths if the overall length is less than 26 inches, or the barrel length is less than 18 inches. In Petitioner's case, he is correct that the barrel length was longer than 18 inches. However, the overall length of the firearm was less than 26 inches. At the change of plea proceedings, Petitioner admitted that fact. Petitioner was not

permitted to possess that firearm without having registered it to him in the National Firearms Registration and Transfer Record. 26 U.S.C. § 5861(d). As he admitted at the change of plea proceedings, he did not register the firearm as required. The firearm Petitioner possessed was of illegal length. Ground One is denied.

**Ground Two Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because counsel did not know the law around how long the gun barrel must be to be legal and did not investigate the case. This is the aspect of the violation for which Petitioner admitted and was convicted. Counsel was not ineffective for not challenging the legality of the firearm. Nor did Petitioner suffer any prejudice through counsel's performance because the overall length of the firearm required registration, which Petitioner admitted he did not do. Ground Two is denied.

## Conclusion

Based upon the foregoing analysis, none of Petitioner's claims entitle him to relief. Petitioner's motion will be denied in its entirety.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* §

2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 4th day of January, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE